UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT K. ALEXANDER** | **CIVIL ACTION NO. 6:11-1749** |
| **VERSUS** | **SECTION "P"** |
| **CITY POLICE OF LAFAYETTE, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

### MEMORANDUM ORDER

Before the court is a Motion for Reconsideration filed by *pro se* plaintiff, Albert K. Alexander, on July 6, 2015 in connection with his civil rights action filed pursuant to 42 U.S.C. § 1983. [rec. doc. 47]. By this Motion, plaintiff requests that this Court reconsider its prior Order in which, pursuant to *Wallace v. Kato*, 594 U.S. 384, 393-394, 127 S.Ct. 1091 (2007), this action was stayed until the criminal proceedings against plaintiff are completed and accordingly prohibiting plaintiff from filing any more documents in this action until the stay has been lifted. [*See* rec. doc. 11].

Plaintiff advises that the State has issued a trial subpoena apparently setting the outstanding remaining criminal charges against petitioner (possession of stolen things - 7 counts, simple battery - 2 counts and telephone harassing) for trial on November 30, 2015. Plaintiff states that he has prepared a total of forty documents with attached exhibits (twenty-two "declarations", eleven "judicial demands", four amended complaints and two "supplemental declarations" and one Motion) which he seeks to file prior to his

trial on grounds that he fears these documents may be "stolen or destroyed by some unknown malicious act of the . . . Lafayette City Police."[1]

By this action, plaintiff complains that he has been the victim of a false arrest, unconstitutional search and seizure, malicious prosecution and false imprisonment. Accordingly, he seeks monetary damages based on alleged violations of his Constitutional rights stemming from his arrest and detention following his arrest, as well as the search and seizure of property from his residence.  This Court stayed this action because, while criminal charges remain pending against plaintiff, it is premature to determine whether a plaintiff's civil damages claims may be barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and therefore subject to dismissal.[2]  The Court's prior ruling remains unchanged.

Moreover, plaintiff has already filed a Complaint and an Amended Complaint, thus, leave of Court would be required for the filing of additional Amendments, this Court

---

[1] Plaintiff further advises that he has recently been diagnosed with paranoia.

[2] The *Wallace* court stated as follows:
> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See id.*, at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Wallace*, 549 U.S. at 393-394.

does not authorize the freestanding filing of "declarations", "supplemental declarations" or "judicial demands" and plaintiff has already filed four unsuccessful Motions.

Accordingly, there is no reason for this Court to accept these additional filings at this time.

For these reasons, plaintiff's Motion for Reconsideration [rec. doc. 47] is **denied.**

Signed this 9th day of July, 2015, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE