U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 8 2015

TONY R. MOORE, CLERK
_____
DEPUTY

PAGE 1 OF 5

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ALBERT K. ALEXANDER                         CIVIL ACTION NO. 6: 11-1749

        VS.                                 SECTION: P

CITY POLICE OF LAFAYETTE, ETAL.             JUDGE: DOHERTY

CHIEF JIM CRAFT, CPL. KRISTINA BERNARD      MAGISTRATE JUDGE: HILL

OFFICER CALVIN PARKER, LAFAYETTE CONSOLIDATED
GOVERNMENT.

_____

JUDICIAL DEMAND

CLAIMS AND DAMAGES AGAINST CITY POLICE OF LAFAYETTE DEFENDANTS

IN THEIR INDIVIDAL AND OFFICIAL CAPACITIES

I.      The Aforementioned Acts And omissions, engaged in under color of State Authority by the

Above defendants Lafayette City Police, including defendant Lafayette City Parish Consolidated

Government respondeat Superior, whom Appointed Chief of Police Jim Craft. Are responsible

under the Louisiana Doctrine of respondeat Superior And Louisiana Civil Code Article 2320;

because of its Authorization, condonation, And ratification there of For the Act of its Agents

depriving the Plaintiff of his rights Secured to him by the Constitution of the United States,

including, but not limited to his Fourth Amendment Rights to be free from unlawful Search And

seizures, Fifth Amendment Rights where Plaintiff Alexander, Should not be deprived of his life, liberty,

or Property without due Process of Law, Eighth Amendment Rights Plaintiff Should not endure cruel

And unusual punishments And Fourteenth Amendment Rights where Plaintiff Alexander, Should not have

been denied his equal Protection of the law. As A direct And Proximate result of the Aforesaid Acts of

the deFeNdANt's who's CoNduct WAS motivAted by evil motive or iNteNt, or iNvolved reckless or
callous iNdiFFereNces to PlAiNtiFF AlexANder's FederAlly Protected Rights.

II.       AS A result oF the deFeNdANt's ActioNs that violAted PlAiNtiFF AlexANder's Protected Rights, he
WAS FAlsely Arrested, ANd deprived oF his ProPerty, iNcoNjuNctioN with the uNlAwFul seArch ANd seizure
oF items From his resideNce; which theN Formed the bAsis For mAlicious ProsecutioN ANd the
uNlAwFul imPrisoNmeNt, cAusiNg PlAiNtiFF AlexANder to suFFer GreAt MeNtAl ANd EmotioNal Distress,
theN ANd eveN Now AS oF this dAy the date oF the FilliNg oF this ComplAiNt PlAiNtiFF still suFFers ANd
will CoNtiNue to suFFer iN the Future. PlAiNtiFF AlexANder, hAs lost ANd will coNtiNue to lose iN the Future
greAt sums oF moNey by reAsoNs oF his iNcArcerAtioN ANd hAviNg beeN greAtly humiliAted ANd held
uP to Public ScorN ANd derisioN AS A result oF the ForegoiNg Acts oF the defeNdANts LAFAyette city
Police PreseNtiNg their Police DepArtmeNt SwAt teAm to serve oN PlAiNtiFF AlexANder, with three (3)
misdemeANor wArrANts; thereAfter, iN coNjuNctioN with the Alleged PossessioN oF stoleN ProPerty.

III.      LIST FoR CLAIM AND DAMAGES:

1.   MeNtal and EmotioNal Distress

2.   Loss of personal belongings including, but not limited to clothes, shoes, cologNe,
     jewerly; including watches, rings, chains, etc.

3.   Loss of Children's belongings including, but not limited to clothes, shoes, toys,
     jewerly; including watches, rings, chains, etc.

4.   Loss of two (2) family pet labs; Thunder and Lightning

5.   Loss of Thunder and Lightning belongings including; dog houses, blankets, toys, food, etc.

6.   Loss of household materials including, but not limited to pots and pans, dishes,
     cleaning supplies, mops, brooms, buckets, dustpans, vaccum cleaners, etc.

7. Loss of household appliances including, but not limited to refrigerator, small refrigerator, personal cabinet space refrigerator, two (2) microwaves, toaster, toaster oven, coffee maker, Blender, George Foreman Grill, rice cooker, crock pot, deep fryer, electric can opener, etc

8. Loss of tools including, but not limited to hammer, pliers, screwdrivers, electric Chainsaw, lawn mowers, electric and gas blowers, electric and gas weed eaters, etc

9. Loss of personal safe with $2,500.00 in it

10. Loss of construction material including, but not limited to nails and nail gun, staples and staple gun, screws and electric screwdriver, lumber, plywood, sheet rock, paneling, bags of concrete, etc

11. Loss of inside furniture including, but not limited to two (2) complete sofa sets; including sofa and love seat, recliner, end tables and lamps, two (2) complete Queen size bedroom sets; including mattresses, rails, head board, dressers, mirrors, nite tables and lamps, kitchen table and four (4) chairs, four (4) bar stools, computer, computer desk and chairs, floor spider lamp, wall pictures, two (2) China Cabinets, two (2) lap top computers, four (4) flat screen tvs, Samsung Surveillance Camera system etc.

12. Loss of outside yard furniture and appliances including, but not limited to complete patio set with umbrella, table and four (4) chairs, outside concrete benches, two (2) hoses with hose holders, outside swing, wind chimes, bird houses, two (2) BBQ pits one large and one medium, etc

13. Loss of Job opportunities due to arrest of charges associated with the nine (9) counts of possession of stolen property.

14. Loss of any and all property items that were seized and wrongfully given away by the Lafayette City Police that belonged to the plaintiff; including the other forty (40) items that are still as of this day in the evidence storage unit at the Lafayette City

Police Department.

15. Return of wages taken while working in work release while incarcerated on charges associated with the nine (9) Counts of possession of stolen property.

16. In addition to the above list, but not limited to plaintiff's false arrest, unconstitutional search and seizure of the above property, malicious prosecution, and false imprisonment for over two(2) and a half years. Further in addition, Because of the defendant's conduct plaintiff suffered the loss of the incompletion of his home, which was under construction at the time of the unconstitutional search and seizure, and still as of this day he suffers because of the incompletion of his home.

WHEREFORE, PlAintiFF AlexANder, PrAys the Following demAnds thAt All relieF be jointly And severAlly AgAinst All oF the deFendANts, together with legAl interest thereon From the dAte of judiciAl demAnd, with All Court Costs As demAnd Follows:

A. ComPeNsAtory damAges iN the AmouNt oF $ 20,000,000.00 , TweNty millioN dollArs

B. SPeciAl dAmAges iN the AmouNt oF $ 25,000,000.00 , TweNty-Five milliON dollArs

C. PuNitive dAmAges iN the AmouNt oF $ 40,000,000.00 , Forty milliON dollArs

D. Attorney's Fees And expeNses PursuANt to 42 u.s.c. 1983 And 1988.

E. HereiNAbove, As such other And Further relieF As this HoNorAble Court mAy deem APPropriAte under the CircumstANces. Further, WHEREFoRE, ANd/or PlAiNtiFF AlexANder, PrAys that thedeFeNdANts be duly cited ANd required to APPeAr

And Answer the Plaintiff's Complaint, And demand A trial by Jury on All issues So triable herein For AN Award of Compensatory, Special And Punitive damages, All in AN Amount to be determined by A Jury. Thus, Plaintiff is A Pro Se litigant And reserve All rights to Supplement his list For Claim And Damages.

Respectfully Submitted

Albert K. Alexander

212 I-B Street

Lafayette, LA. 70501

Telephone: (337)- 3493137

PLEASE SERVE:

Lafayette City Police Chief Jim Craft, Cpl. Kristina Bernard,

Officer Calvin Parker, At City Police Department, 900 E. University Avenue

Lafayette, LA. 70502

cc: AKA/File