RECEIVED

JAN 29 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALBERT ALEXANDER | CIVIL ACTION NUMBER: 11-1749 |
| VERSUS | JUDGE DOHERTY |
| CITY POLICE OF LAFAYETTE, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Pending before the Court is an Appeal [Doc. 94] by the plaintiff, Albert Alexander, of the November 30, 2015 Order of the magistrate judge. The magistrate judge's Order was prompted by the fact that the plaintiff had filed forty-two (42) pleadings on November 18, 2015, including thirteen (13) Amended Complaints, as well a motion to lift the stay of this matter [Rec. Doc. 52] and a motion to appoint counsel [Rec. Doc. 92]. The remaining twenty-seven filings consisted of Declarations and Demand Claims made by the plaintiff. The gist of the case is laid out in the magistrate judge's ruling, as follows:

> Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on September 19, 2011. Plaintiff alleged that the Lafayette City Police Officers unconstitutionally searched and seized his residence, resulting in his arrest for possession of stolen items. In an order entered on November 4, 2011, the Court stayed this action, noting that Plaintiff was "currently incarcerated at the Lafayette Parish Correctional Center" and the charges against him "remain pending in the Fifteenth Judicial District Court." *R. 9*. Also in its November 4, 2011 Order the Court considered Plaintiff's Motion for Appointment of Counsel. The Court denied Plaintiff's motion noting that he had previously filed another action in this court in which he adequately represented himself. *See* 6:09-1016. The Court further noted that Plaintiff's Complaint in this case contained "articulate pleadings" and "applicable law" which demonstrated that "Plaintiff is able to adequately present and investigate his case." *Id.*

In her Order, the magistrate judge granted the plaintiff's motion to lift the stay of this matter, but denied the plaintiff's motion for appointment of counsel.

With respect to the remaining aspects of the plaintiff's filing, noting that the plaintiff had filed thirteen (13) amended complaints and twenty-seven (27) other pleadings, the magistrate judge explained the plaintiff had violated Rule 15 of the Federal Rules of Civil Procedure, which provides that a party may "once as a matter of course" amend his pleadings within 21 days of service, and that in all other cases, may amend his pleading "only with . . . the court's leave." FRCP 15(a). The magistrate judge noted the plaintiff violated Rule 15 by filing thirteen Amended Complaints and twenty-seven pleadings of what appears to be related evidence, without leave of Court. Accordingly, the magistrate judge ordered that the Clerk of Court not accept any further filings from the plaintiff in this action which have not been specifically requested by this Court or specifically authorized in writing that the pleading may be filed. It is from this Order that the plaintiff now appeals.

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. See Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. Id; Castillo v. Frank, 70 F.3d, 382, 385-86 (5th Cir. 1995).

After review of the record in the instant case, this Court concludes the magistrate judge's determinations were not clearly erroneous or contrary to law. Considering the foregoing, the Court AFFIRMS the Magistrate Judge's November 30, 2015 Order in all respects.

THUS DONE AND SIGNED this _____ day of January, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-2-