| | |
|---|---|
| ALBERT K ALEXANDER | CASE NO. 6:11-CV-01749 SEC P |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CITY POLICE OF LAFAYETTE ET AL | MAGISTRATE JUDGE WHITEHURST |

## AMEND ORDER

Before the court is the civil rights complaint (42 U.S.C. §1983) of *pro se* plaintiff Albert K. Alexander, filed *in forma pauperis* on September 19, 2011, naming the following as defendants: (1) City Police of Lafayette; (2) Jim Craft; (3) Kristina Bernard; (4) Dwayne Arceneaux; (5) Jeff Hebert; (6) Calvin Parker; (7) Michael Harson; (8) Alan Haney; (9) Darla Montgomery; (10) Mike Barah; (11) Home Depot; (12) Fred's Discount Store; (13) Clayton Mobile Homes; (14) Van Allen Homes; (15) Kanisha Youngblood; (16) Brooke Frey; (17) Pamela Denman; (18) Sharon Sergi; (19) Leon Bedrien; (20) Carol Mitchell; (21) Lafayette Consolidated Government; (22) Kyle P. Manceaux; (23) Greg Cormier; (24) Travis Knight; (25) Terry Penner; (26) Jason Domingue; (27) Chrissy Meche; (28) Lowes Loss Prevention Team; (29) John Does, Home Depot Loss Prevention Officers; (30) Sandy Mixon; (31) Lafayette District Attorney's Office; (32) Young Broadcasting; (33) ABC Insurance Co.; (34) DEF Insurance Co.; (35) GHI Insurance Co.; (36) Sam's Wholesale Club; (37) Haskin Smith; (38) Coburns of Lafayette South; and (39) Lowes Home Improvement.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Factual Background*

Plaintiff filed the instant civil rights complaint against multiple defendants alleging civil rights violations arising out of the January 2011 search of his residence, the subsequent seizure of his personal property, and his arrest.

According to his Final Amended Complaint, filed June 21, 2018, Officers Kristina Bernard and Calvin Parker "knowingly and intentionally" provided false information in a warrant application in order to obtain a warrant for search and seizure of Plaintiff's residence on January 4, 2011, and January 6, 2011. [Rec. Doc. 104, p. 11]

On or about January 4, 2011, Lafayette City Police made an alleged unconstitutional search of Plaintiff's residence under a search warrant acquired for the search of firearms allegedly in Plaintiff's possession. Plaintiff alleges that no firearms were found in the residence. Despite finding no evidence of criminal activity, Plaintiff contends that the "entire event was made into a fiasco by the broadcasting and televising of KLFY-TV 10 News," whereby news anchor Darla Montgomery "slandered Mr. Alexander's persona to the community and described him to be a dangerous man wanted by the Lafayette City Police Department." *Id*. at

15. He contends that the police showed up at his residence with members of the SWAT team and "even an army tank," treating it as if it was a high-profile case. *Id*. He argues that they used the illegally obtained search warrant as an opportunity to destroy his residence and personal property. "They damaged the structure of the home while gaining illegal entry to the residence, which concluded in them damaging burglar bars, front door, and the frame of the door." *Id*. at 16. He alleges that they also illegally searched a smaller house that is located on his property, which was not included in the warrant.

Pursuant to this search, they "illegally seized Mr. Alexander's, and his family's, personal property." *Id*. Moreover, he contends that the police authorized employees of Lowes Home Improvement, Walmart, Home Depot, Fred's Discount Store, Clayton Mobile Homes, Van Allan Homes and Sam's Wholesale to illegally enter his residence and confiscate his private property. He contends that this was done without valid documentation and/or a police report to substantiate same.

Furthermore, Plaintiff contends that the police euthanized his two Labrador Retrievers, which were housed securely in their own kennels at the time of the search, despite family members' desire to take the family pets.

On January 7, 2011, after search and seizure of his property, and after "falsifying reports of Mr. Alexander's property being stolen property," an arrest

3

warrant was secured and Plaintiff was taken into custody and charged with nine (9) counts of possession of stolen goods.

Plaintiff contends that through the malicious prosecution by the Lafayette District Attorney's Office, and the actions of all other Defendants, he was unlawfully incarcerated for approximately two and a half years. He seeks compensatory, punitive, general, special and nominal damages.

***Procedural Background***

Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 19, 2011. [Rec. Doc. 1] On December 20, 2011, this action was stayed it its entirety until the criminal proceedings pending against Alexander in the Fifteenth Judicial District Court were complete. [Rec. Doc. 11] At that time, plaintiff was ordered to file a status report indicating the expected completion date of the proceedings if same were not concluded within six months of the date the case was stayed, and to file additional reports every three months thereafter until the stay was lifted. *Id.* at p. 2. Plaintiff did so and, pursuant to his "Twelfth Three Month Status Report," filed into the record on June 30, 2015, the Court was informed that his criminal trial was scheduled to begin on November 30, 2015. [Rec. Doc. 46] Accordingly, on August 26, 2015, Judge Rebecca F. Doherty administratively closed this matter until such time as plaintiff's criminal trial had concluded. [Rec. Doc. 49]

Plaintiff was ordered to notify the Court within 10 days of the resolution of his criminal trial in state court and to continue filing status reports. *Id.*

On November 18, 2015, plaintiff filed a Motion for Request to Lift the December 20, 2011 Stay, representing to the Court that the criminal proceedings were complete [Rec. Doc. 52], and attaching as an exhibit the Motion to Dismiss filed by Alan P. Haney, Assistant District Attorney, Fifteenth Judicial District Court [Rec. Doc. 52-1]. Following the Request to Lift Stay, plaintiff filed 12 amended complaints and numerous other pleadings alleging new claims and naming new defendants.

On November 30, 2015, the undersigned granted plaintiff's Motion to Lift Stay and further ordered that, due to plaintiff filing "thirteen (13) Amended Complaints and twenty-seven (27) other pleadings," without leave of court required by FRCP 15(a), the Clerk not accept any further filings from Alexander which were not "specifically requested by this Court or specifically authorized in writing." [Rec. Doc. 93] However, the case remained administratively closed.

On June 14, 2017, plaintiff filed a "Motion for Revised Schedule Case Re-Opening Order of Administratively Closed," which this Court interpreted as a Motion to Reopen/Reinstate the Case. [Rec. Doc. 98] This Court granted his motion and reopened this matter, ordering plaintiff to file one Amended Complaint, setting forth <u>ALL</u> claims for which he believes entitle him to relief and naming <u>ALL</u>

defendants against whom these claims are brought. Plaintiff did so on June 21, 2018. [Rec. Doc. 104]

*Law and Analysis*

*1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

With respect to defendants Dwayne Arceneaux, Kyle P. Manceaux and Greg Cormier, Plaintiff's Amended Complaint sets forth no specific facts which support a claim that his constitutional rights were violated by these individuals. Plaintiff should amend to comply with the requirements of Rule 8, with respect to these defendants only.

Plaintiff is also hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak,* Tex., 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name a supervisory official as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Before this court determines the proper disposition of plaintiff's claims against these defendants, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

THUS DONE in Chambers on this 16th day of August, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE