## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**CASE NO. 6:11-CV-01749 SEC P**

**ALBERT K ALEXANDER**

**VERSUS**                                    **JUDGE SUMMERHAYS**

**CITY POLICE OF LAFAYETTE**        **MAGISTRATE JUDGE WHITEHURST**
**ET AL**

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of *pro se* plaintiff Albert K. Alexander, filed *in forma pauperis* on September 19, 2011.  The following are named as defendants: (1) City Police of Lafayette; (2) Jim Craft; (3) Kristina Bernard; (4) Dwayne Arceneaux; (5) Jeff Hebert; (6) Calvin Parker; (7) Michael Harson; (8) Alan Haney; (9) Darla Montgomery; (10) Mike Barah; (11) Home Depot; (12) Fred's Discount Store; (13) Clayton Mobile Homes; (14) Van Allen Homes; (15) Kanisha Youngblood; (16) Brooke Frey; (17) Pamela Denman; (18) Sharon Sergi; (19) Leon Vedrienn; (20) Carol Mitchell; (21) Lafayette Consolidated Government; (22) Kyle P. Manceaux; (23) Greg Cormier; (24) Travis Knight; (25) Terry Penner; (26) Jason Domingue; (27) Chrissy Meche; (28) Lowes Loss Prevention Team; (29) Home Depot Loss Prevention Officers; (30) Sandy Mixon; (31) Lafayette District Attorney's Office; (32) Young Broadcasting; (33) Sam's Wholesale Club; (34) Haskin Smith; (35) Coburns of Lafayette South; (36) Lowes Home Improvement; (37) A-Z Insurance Co.; (38) Officer John Does; (39)

Jarvis Mayfield; (40) Wal-Mart Store #2938 (Lafayette); and (41) Wal-Mart Store #543 (Opelousas).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Factual Background*

Plaintiff filed the instant civil rights complaint against multiple defendants alleging civil rights violations arising out of three January 2011 searches of his residence, the subsequent seizure of his personal property, and his arrest.

On December 29, 2010, Lafayette Police received a call regarding a disturbance which allegedly occurred the day before at 212 I-B Street, Plaintiff's residence.  Upon arrival, the officers encountered two females who informed them that on December 28, 2010, they had been in a verbal altercation with Plaintiff who asked them to leave his residence and that Plaintiff had committed batteries upon them during the altercation.

On January 2, 2011, Officer Calvin Parker was contacted by Officer Jarvis Mayfield about a separate alleged assault believed to have been committed by Plaintiff upon his son, Todd Alexander.  Plaintiff's son complained that in a telephone conversation on December 31, 2010, his father threatened to kill his one-year old daughter.  On that same day, Officer Parker reported that an anonymous

2

family member reported that Plaintiff was a convicted felon in possession of a firearm and stolen items in his residence.  Plaintiff asserts that at this time, Parker and Mayfield conspired to retaliate against him because he filed a civil rights action against their department in 2009.

On January 3, 2011, Officer Kristina Bernard interviewed the two females allegedly involved in the altercation with Plaintiff who corroborated the story of Plaintiff being in possession of stolen property and a "brown and black shotgun." Officers Bernard and Parker, with the assistance of Kyle Manceaux, allegedly using false information, applied for and obtained a search warrant for Plaintiff's home.

On January 4, 2011, the search warrant was executed by Lafayette City Police Swat Team and members of the City Police crime suppression unit.  Plaintiff asserts that after no items included in the search warrant (firearms, ammunition, etc.) were found, officers conducted an exploratory search.  Officer Jeff Hebert inspected other items by copying the serial numbers and photographing items.  During this search, Officers allegedly seized Plaintiff's children's black Labrador Retrievers, who were both inside their kennels, near the rear of the second back house on Plaintiff's property (not included in the warrant) and euthanized them, despite family members requesting to take them into their custody.  He alleges that on this date, he received a call from Officer Dwayne Arceneaux concerning his whereabouts, and that Arceneaux later conspired with TV News Anchor to recklessly slander his name.

3

On January 5, 2011, Officer Bernard applied for a second search warrant based on the items located in the first.  Plaintiff alleges that numerous items were identified as stolen, but none had been reported stolen by anyone.  On January 6, 2011, Bernard applied for and received a third search warrant, based on the first two. The items alleged to have been stolen were seized and given to the alleged owners. Plaintiff asserts that "Officer Kristina Bernard then began conspiring with the loss prevention teams and managers from several stores by providing serial numbers on items seized and requesting that the stores' employees come to the residence of Plaintiff to make claims on the seized items."   Plaintiff alleges that Officer Greg Cormier assisted Bernard and Parker in this investigation.

On January 4, 2011, Officer Parker filed four more charges against Plaintiff for possession of stolen items stemming from seizure of the allegedly stolen goods stemming from the alleged "unlawful seizure of Plaintiff's belongings."  Plaintiff asserts that Jim Craft implicated unconstitutional polices and encouraged illegal acts in relation to the search warrants at issue.  He also authorized excessive force, utilizing the LPD Swat Team, and an army tank, to carry out the search warrant on Plaintiff's home.  Finally, Plaintiff alleges that Craft tried to make it appear that Plaintiff's residence was an abandoned building used for storing stolen property to justify obtaining illegal warrants for firearms.

## *Procedural Background*

Plaintiff, Albert K. Alexander ("Alexander") filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 19, 2011. [Rec. Doc. 1] On December 20, 2011, this action was stayed in its entirety until the criminal proceedings pending against Alexander in the Fifteenth Judicial District Court were complete. [Rec. Doc. 11] At that time, plaintiff was ordered to file a status report indicating the expected completion date of the proceedings if same were not concluded within six months of the date the case was stayed, and to file additional reports every three months thereafter until the stay was lifted. *Id.* at p. 2. Plaintiff did so and, pursuant to his "Twelfth Three Month Status Report," filed into the record on June 30, 2015, the Court was informed that his criminal trial was scheduled to begin on November 30, 2015. [Rec. Doc. 46] Accordingly, on August 26, 2015, Judge Rebecca F. Doherty administratively closed this matter until such time as plaintiff's criminal trial had concluded. [Rec. Doc. 49] Plaintiff was ordered to notify the Court within 10 days of the resolution of his criminal trial in state court and to continue filing status reports. *Id.*

On November 18, 2015, plaintiff filed a Motion for Request to Lift the December 20, 2011 Stay, representing to the Court that the criminal proceedings were complete [Rec. Doc. 52], and attaching as an exhibit the Motion to Dismiss filed by Alan P. Haney, Assistant District Attorney, Fifteenth Judicial District Court

[Rec. Doc. 52-1].  Following the Request to Lift Stay, plaintiff filed 12 amended complaints and numerous other pleadings alleging new claims and naming new defendants.

On November 30, 2015, the undersigned granted plaintiff's Motion to Lift Stay and further ordered that, due to plaintiff filing "thirteen (13) Amended Complaints and twenty-seven (27) other pleadings," without leave of court required by FRCP 15(a), the Clerk not accept any further filings from Alexander which were not "specifically requested by this Court or specifically authorized in writing." [Rec. Doc. 93] However, the case remained administratively closed.

On June 14, 2017, plaintiff filed a "Motion for Revised Schedule Case Re-Opening Order of Administratively Closed," which this Court interpreted as a Motion to Reopen/Reinstate the Case.  [Rec. Doc. 98] This Court granted his motion and reopened this matter, ordering plaintiff to file one Amended Complaint, setting forth <u>ALL</u> claims for which he believes entitle him to relief and naming <u>ALL</u> defendants against whom these claims are brought.  Plaintiff did so on June 21, 2018. [Rec. Doc. 104]  On August 16, 2018, the undersigned ordered Plaintiff to amend to provide additional information regarding his claims against certain defendants. [Rec. Doc. 107]  Plaintiff did so on September 19, 2018.  [Rec. Doc. 109]

*Law and Analysis*

**A. Initial Review**

Plaintiff has been permitted to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915.  This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Section  1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### B. Parties Subject to Dismissal

#### 1. Non State Actors

In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist*., 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action'

requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding*, Inc., 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Id.* at 203-04 (*citing Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982)).  Plaintiff names the following individuals who are not state actors: (1) Darla Montgomery; (2) Mike Barah; (3) Home Depot; (4) Fred's Discount Store; (5) Clayton Mobile Homes; (6) Van Allen Homes; (7) Kanisha Youngblood; (8) Brooke Frey; (9) Pamela Denman; (10) Sharon Sergi; (11) Leon Vedrienn; (12) Carol Mitchell; (13) Travis Knight; (14) Terry Penner; (15) Jason Domingue; (16) Chrissy Meche; (17) Lowes Loss Prevention Team; (18) Home Depot Loss Prevention Officers; (19) Sandy Mixon; (20) Young Broadcasting; (21) Sam's Wholesale Club; (22) Haskin Smith; (23) Coburns of Lafayette South; (24) Lowes Home Improvement; (25) Wal-Mart Store #2938 (Lafayette); and (26) Wal-Mart Store #543 (Opelousas).

For private citizens, such as those listed above, to be held liable under Section 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in

concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989).  A plaintiff satisfies this burden by alleging and proving: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

### a. Broadcasting Defendants

Plaintiff names as defendants Young Broadcasting, KLFY-TV 10 news anchor Darla Montgomery and station manager, Mike Barah, for broadcasting a series of reports regarding Plaintiff, stating that he could be "armed and dangerous" and instructing viewers to contact Crime Stoppers if they had any information regarding Plaintiff's whereabouts.   Plaintiff contends that their "reckless broadcasting" of his misdemeanor case would give someone in the public who did not like plaintiff the opportunity to kill him or give LPD the opportunity to kill Plaintiff with no questions asked, because he was reported to be armed and dangerous.  In the present case, the broadcasting defendants, Young Broadcasting, KLFY-TV 10 new anchor Darla Montgomery, and Mike Barah, are certainly not "state actors" as defined above.  Moreover, the fact that they reported on the events surrounding defendant's arrest does not constitute an agreement to commit an illegal act or a deprivation of plaintiff's constitutional rights.  They should be dismissed.

### b.  Merchant Defendants

Plaintiff also names numerous retail stores and their employees as defendants, the "merchant defendants."  In *Morris v. Dillard Department Stores, Inc*., 277 F.3d 743 (2001), the court held that the private merchant was not a "state actor" for purposes of civil rights liability for the arrest of a customer by an off duty police officer who was acting as the security guard subsequent to a report of suspected shoplifting made by another employee, where the officer, acting as a security guard, conducted an independent investigation, including independent observation of the customer and completion of his own incident report, and did not form an intent to arrest the customer until she left the store, returned and confronted the officer.  In *Smith v. Brookshire Bros. Inc*., 519 F.2d 93, 94 (5th Cir. 1975), the court held that in order to subject a merchant to liability, the plaintiffs had to show that the police and the store managers were acting in concert; that [the private merchant] and the police had a customary plan whose result was detention.  The court concluded that the merchant was subject to liability because the police and the merchant maintained a pre-conceived policy by which shoplifters would be arrested based solely on the complaint of the merchant.

The application of the doctrine was refined in *White v. Scrivner Corp*., 594 F.2d 140, 141 (5th Cir. 1979), *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc*., 673 F. 2d 771, 772 (5th Cir. 1982), and *Bartholomew v. Lee,* 889 F.2d 62, 63

(5th Cir. 1989), wherein the courts have established that a merchant is not a state actor unless the conduct on the part of a guard or officer giving rise to the claimed deprivation occurred based solely on designation of suspicion by the merchant and was not accompanied by any independent  investigation by the officer.

Plaintiff has made no allegations of a preexisting agreement between any of the merchant defendants and the Lafayette Police Department to make arrests based solely on the complaint of the merchant.  To the contrary, the allegations lodged against Home Depot, the WalMart Stores, Coburns, Van Allen Homes, and Clayton Mobile Homes, their loss prevention employees, and their employees all stem from the Lafayette Police Department contacting the merchant after executing a search warrant on Mr. Alexander's home and discovering what appeared to be stolen property.

Accordingly, plaintiff has failed to state a claim against the merchant defendants for which relief may be granted and the claims against them should be dismissed.

### 2.  *Immune Defendants*

Plaintiff has named former District Attorney Michael Harson and Assistant District Attorney Alan Haney as defendants based on their filing of a bill of information charging Plaintiff with two counts of simple battery, improper telephone communication and nine counts of possession of stolen things.  These defendants,

however, are immune from suit arising from their roles as prosecutors in Alexander's state criminal proceedings.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927).  In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).  In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds. *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991).  Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

13

Plaintiff's claims against Harson and Haney are intimately associated with the bringing of the charges and the criminal court process. He challenges their prosecution of the charges.  The defendants clearly are entitled to absolute immunity from suit for their roles in bringing and prosecuting the charges against Mr. Alexander. The claims against the defendants must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).[1]

### 3. *Lafayette Parish District Attorney's Office and Lafayette Police Department*

Neither the Lafayette Parish District Attorney's Office nor the Lafayette Police Department is a juridical entity with the capacity to be sued.  *Cormier v. Lafayette City Parish Consol. Gov't*, 2011 U.S. Dist. LEXIS 125283 at *2 (W.D. La. Oct. 28, 2011).  *Johnson v. Bogalusa City, et al*., 2013 WL 4508058 at n. 2 (E.D. La. Aug. 22, 2013).  Accordingly, plaintiff has no right to recover from either entity and the undersigned recommends that they be dismissed.

### 4. *Fictitious Parties*

Plaintiff also seeks to sue unknown insurance companies, named as A-Z Insurance, to the extent that coverage was provided to the named businesses, as well

---

[1]  Although a claim may be brought against a district attorney in his official capacity if his actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff, Alexander has not asserted any particular errors in the prosecution attributable to a particular unconstitutional policy or custom of Lafayette Parish.  *See Riley v., Evangeline Parish Sheriff's Office*, 637 So.2d 395 (La. 1994); *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978).

as John Doe Officers.  Fictitious party practice is not permitted in federal court. *Gilbert v. Cates*, 2018 U.S. Dist. LEXIS 117312 at \*77-78 (E.D. La. July 13, 2018) (*citing Murray v. Sevier*, 50 F. Supp. 2d 1257, 1280 (M.D. Ala. 1999) (observing that there is "no provision for fictitious party practice under federal law"); *Wiggins v. Risk Enterprise Management Limited*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) ("[T]here is no fictitious practice in  the Federal Courts."); *Floyd v. Allstate Insurance Compan*y, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998) ("[T]he fictitious Defendants named in Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law.")) Therefore, these defendants should be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** claims against Darla Montgomery, Mike Barah, Home Depot, Fred's Discount Store, Clayton Mobile Homes, Van Allen Homes, Kanisha Youngblood, Brooke Frey, Pamela Denman, Sharon Sergi, Leon Vedrienn, Carol Mitchell, Travis Knight, Terry Penner, Jason Domingue, Chrissy Meche, Lowes Loss Prevention Team, John Does, Home Depot Loss Prevention Office, Sandy Mixon, Young Broadcasting, Sam's Wholesale Club, Haskin Smith, Coburns of Lafayette South, Lowes Home Improvement, Lafayette Parish District Attorney's Office, Lafayette Police Department, A-Z Insurance Co., Officer John Does, Wal-Mart Store #2938 (Lafayette) and Wal-Mart Store #543 (Opelousas)

should be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS RECOMMENDED THAT** claims against Michael Harson and Alan Haney should be **DISMISSED WITH PREJUDICE** as they seek monetary relief against a defendant who is immune from such relief.[2]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[2] Claims against defendants Jim Craft, Calvin Parker, Kristina Bernard, Dwayne Arceneaux, Jeff Hebert, Greg Cormier, Jarvis Mayfield and Kyle P. Manceaux will be addressed in separate Orders.

THUS DONE in Chambers on this 27th day of February, 2019.

_____

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**