UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALBERT K. ALEXANDER** | * | **CASE NUMBER: 6:11-CV-1749** |
| | * | |
| **VERSUS** | * | **JUDGE: SUMMERHAYS** |
| | * | |
| **CITY POLICE OF LAFAYETTE, ET AL.** | * | **MAGISTRATE: WHITEHURST** |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF**
**EX PARTE MOTION TO FILE THIRD AMENDED COMPLAINT**

NOW INTO COURT comes the plaintiff, Albert K. Alexander, through undersigned counsel, who respectfully submits this memorandum in support of his Ex Parte Motion for Leave of Court to File Third Amended Complaint, as follows:

**I. Background**

Undersigned counsel enrolled on February 26, 2019. The magistrate judge dismissed a substantial number of Mr. Alexander's claims, including all of Alexander's claims against the Merchant Defendants and the District Attorney Defendants.[1] The "Report and Recommendation[2]" was filed one day after counsel filed his motion to enroll, and on the same day that the Court granted the order allowing counsel to enroll,[3] but before counsel had time to read the entire voluminous record and aid Mr. Alexander in filing any pleadings. Plaintiff objected to this Report and Recommendation, but the trial court, nevertheless, ordered the relief contained in the report, entering a "Partial

---

[1] *See* Rec. Doc. 114 for the list of dismissed parties.
[2] Rec. Doc. 114.
[3] Rec. Doc. 113.

1

Judgment" on May 29, 2019, maintaining dismissal of the merchant defendants, the district attorney defendants, and the press defendants.[4]

On June 20, 2019, Plaintiff filed a motion for an appeal.[5] On July 15, 2019, the Fifth Circuit Court dismissed the appeal because order issued by this court was not a final appealable order. *See* Fifth Circuit Appeal No. 19-30513.

Contemporaneously with this motion to amend, Plaintiff has filed a Motion for Reconsideration; Alternatively, Motion to Certify Judgment for Immediate Interlocutory Appeal. In that pleading Plaintiff asks the Court to reconsider its affirmation of the Magistrate's Report an Recommendation; or, alternatively to certify the decision dismissing the merchant defendant and the district attorney defendants for an immediate appeal, as the decision greatly prejudices Alexander's case and limits the scope of his recovery.

## II. Law and Argument

### A. Federal Rule of Civil Procedure, Rule 15(A): Amendment

The Fifth Circuit has acknowledged that there is a liberal pleading presumption underlying Fed. R. Civ. Proc. 15(a). *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Fed. R. Civ. Proc. 15(a)(1) provides for a single amendment without leave, 15(a)(2) permits amendment under any other circumstance by leave of court.

Although a court's decision whether to permit amendment is reviewed for abuse of discretion, the term "discretion" in this context "may be misleading, because the statute

---

[4] Rec. Doc. 123.
[5] Rec. Doc. 124.

has been interpreted to "evince[] a bias in favor of granting leave to amend."[6] "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "In deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." *Williams v. Carmean*, No. Civ. 99-1095, 1999 WL 717645, at p.1 (E.D. La. Sept. 13, 1999); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Importantly, Courts have granted leave to amend when pro se defendants obtain counsel. *See Baranco v. Wilson*, No. Civ. 16-00573, 2018 WL 3076724 (M.D. La. June 21, 2018). In exercising its broad but liberal discretion, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."[7] Various Circuit Courts have routinely held that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal.[8]

In the case where a claim is dismissed prior to permitting a necessary amendment, the Fifth Circuit has indicated that a plaintiff has the choice either of pursuing a permissive right to amend a complaint after dismissal or of appealing the judgment as final. *See*

---

[6] See Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004).

[7] *See Czeremcha v. International Association of Machinists,* 724 F.2d 1552 (11th Cir.1984).

[8] *See, e.g.*, *Howey v. United States*, 481 F.2d 1187, 1191–92 (9th Cir.1973) (holding that a district court's conclusory denial of leave to amend was an abuse of discretion); *Gootee v. Colt Indus., Inc.*, 712 F.2d 1057, 1065 n. 7 (6th Cir.1983) (remanding the district court's unexplained denial of leave to amend with instructions to "either allow the amendment or explain the basis upon which it refuses to 'freely' grant it"); *Pittston Co. v. United States*, 199 F.3d 694, 706 (4th Cir.1999) (reversing the district court when "in its order denying the motion for leave to amend, [the court] did not indicate that it found any bad faith on Pittston's part and did not identify how it believed the Government might be prejudiced by the late amendment"). *See also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) (noting the importance of the need for the district court to give reasons for its decision to deny leave to amend); *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 928 (7th Cir.1999) (remanding to the district court for findings of prejudice where the district court failed to articulate its reasons for denying leave to amend).

*Whitaker v. City of Houston*, 963 F.2d 831 (5th Cir.1992); *citing Czeremcha v. International Association of Machinists*, 724 F.2d 1552 (11th Cir.1984).[9] Plaintiff herein has sought both a right to amend and for reconsideration, and also, alternatively, a right to immediately appeal the decision rendering dismissal. The United States Supreme Court in *Foman v. Davis*, 83 S.Ct. 227, 371 U.S. 178, 9 L.Ed.2d 222 (1986) *on remand* 316 F.2d 254, held a federal district court abused its discretion in denying motion to amend complaint to assert right of recovery where amendment would have done no more than state alternative theory for recovery.

Plaintiff has attached his proposed "Third Amended Complaint" as Exhibit "A." Plaintiff has named the pleading a "Third Amended Complaint" because Alexander was ordered by the court to file a consolidated First Amended Complaint after he had filed piecemeal complaints throughout his incarceration. Plaintiff refers to the Record Document 104 as the First Amended Complaint, which the Court ordered Alexander to amend a second time, resulting in the filing of Record Document 109, the Second Amended Complaint, making this Plaintiff's third and final attempt to amend.

The complaint pleads no new facts, but merely organizes and expounds on the claims arising from the facts that were pled and introduced into the record by the plaintiff. With a limited understanding of supplemental jurisdiction subject to 28 U.S.C. § 1367(a), plaintiff failed to plead any state law claims arising from the facts. Plaintiff has now pled, with the original allegations of federal constitutional law violations, supplemental claims arising under the state law and constitution which arise from the same operative facts.

---

[9] *Also Citing United States v. Mayton*, 335 F.2d 153, 158 n. 12 (5th Cir.1964); *United Steelworkers v. American International Aluminum Corp.*, 334 F.2d 147, 150 n. 4 (5th Cir.1964). *See also, Jung v. K. & D. Mining Co.*, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958) (*per curiam*).

4

The main prejudice, harm, and deprivation of due process that will occur should plaintiff not be allowed to amend claims of conversion is he will have no relief against the parties that actually and permanently misappropriated his belongings.

In this matter the Magistrate issued a Report and Recommendation (Record Document[10] dismissing Plaintiff's claims against the merchant defendant's, *inter alia*,[11] only one day after counsel enrolled on his behalf. Plaintiff objected to the report, which was affirmed by this Honorable Court without any further analysis. The report contends that Plaintiff's claims against the merchants are "frivolous" without explaining how these claims that store merchants entered his house and took his property, a seemingly egregious deprivation of due process are, on their face and in fact, frivolous. The Magistrate Report cites cases which are not factually analogous, where store merchants detained shoplifters, to justify dismissal.[12] However, this case presents a unique set of facts, more like *Adickes*,[13] where the merchants took discriminatory acts in concert with police, than it resembles any of the facts in the cases cited in the magistrate's report.[14]

The merchants took Alexander's property with no independent reasonable suspicion that a crime had been committed. Upon information and belief, the only verification of theft that the merchants needed to convert his possessions was that the Lafayette Police invited them to, and, most importantly, that Alexander was African American. Further, because Alexander's house was still unrenovated from the damage caused by a hurricane, he may have appeared to be below the means to afford these

---

[10] Rec.Doc. 114.
[11] Also, Alexander objected to the dismissal of the District Attorney, various media outlets, and their employees.
[12] See Rec. Doc. 114, pg. 11; Morris v. Dillard Department Stores, Inc. 277 F.3d 743 (2001).
[13] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
[14] This point is more thoroughly argued in Plaintiff's memo in support of his Motion to Reconsider; Alternatively, Motion to Certify Judgment for Immediate Interlocutory Appeal.

new items. Nonetheless, these merchants seized Alexander's property without having any information of open investigations, having any serial numbers for stolen merchandise, and without holding the merchandise until the disposition of any alleged charges were decided. The theft or misappropriation of evidence clearly violated provisions of the Louisiana Code of Criminal Procedure which mandates, "[w]hen property is seized pursuant to a search warrant, it shall be retained under the direction of the judge." LSA-C.Cr.P. art. 167. "If seized property is not to be used as evidence or is no longer needed as evidence, it shall be disposed of according to law, under the direction of the judge." *Id.* The items stolen from the Plaintiff were mostly new items that he had purchased with FEMA funds to renovate his house following storm damage and included TV's, lumber, etc., which the merchants seized and converted with no intent of returning it, permanently depriving Alexander of the property. The judge was never given proper dominion over these items, most of which were never used as evidence.

The United States Supreme Court Dictates that the courts must hold a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The record in this matter is voluminous and supported by the transcripts from Alexander's criminal trial, where he was acquitted. The numerous declarations of facts he pled in support of his claims establish that his claims are *bona fide*. There is no doubt that merchants came into his house and took his possessions: it is simply left to the court to decide under which theory of liability these facts sound. Although they may not have been pled with the skill of a trained and experienced civil right attorney, Alexander's pro se claims are supported by the facts pled. Even if the facts presented are not considered by the court to constitute

6

valid section 1983 claims they do, obviously, at least present proof of pendant state law claims of theft, conversion, and violation of state constitutional rights.

As for the other aspects of the amendment, Plaintiff has added consecutive numbered paragraphs to aid in reviewing the document, for the Court and the Defendants, and added more specifics. Plaintiff's Proposed Third Amended Complaint is attached to this pleading as Exhibit "A."

Therefore, in the interest of justice, the plaintiff should be allowed to amend his complaint to formally plead all the claims which are suggested by the alleged facts. Alternatively, Plaintiff should be allowed to immediately appeal the dismissal of these claims, as denial of these claims will foreclose discovery of the theft of Alexander's personal property, some of which he purchased with hurricane recovery funds, and lead to the deprivation of due process, property, and unjust enrichment.

Furthermore, the court has only recently ordered service of pleadings, so no defendant has yet appeared, and no prejudice would be suffered by amendment prior to the filing of responsive pleading. Plaintiff has requested leave because this will be a successive amendment. However, the Court should consider both Plaintiff's early incarceration during the pendency of this action, his pauper status, his dutiful attention to the case, and his multiple fruitless attempts to engage counsel prior to present counsel enrolling, some of which are a matter of record.

### **III. Conclusion**

WHEREFORE, considering the above memorandum, the liberal pleading standard, the fact that that the defendants have not appeared, and considering that the plaintiff has diligently sought to prosecute his pro se case and has recently procured

counsel, the Court should grant him the right to amend his complaint. Plaintiff respectfull requests that the court accept the filing attached Exhibit "A" the proposed complaint as Plaintiff's Third Amended Complaint.

                                RESPECTFULLY SUBMITTED:

                                /s/ BRUCE BETZER_____
                               Bruce C. Betzer, Bar No.: 26800
                               The Law Office of Bruce C. Betzer
                               A Professional Limited Liability Company
                               3129 Bore Street
                               Metairie, Louisiana 70001
                               Telephone: (504) 832-9942
                               Facsimile: (504) 304-9964