# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ALBERT K ALEXANDER | CASE NO. 6:11-CV-01749 |
| VERSUS | JUDGE SUMMERHAYS |
| CITY POLICE OF LAFAYETTE ET AL | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Presently before the Court is the Plaintiff's Ex Parte Motion for Reconsideration; Alternatively, Motion for Certification of Judgment for Immediate Interlocutory Appeal [doc. 130] ("Motion"). In the Motion, Plaintiff seeks reconsideration of the Court's Judgment [doc. 123] entered on May 29, 2019 which adopted the Report and Recommendation [doc. 114] and dismissed claims against some, but not all, defendants. In the alternative, Plaintiff requests that the Court certify the Judgment for immediate interlocutory appeal.

## I.
### BACKGROUND

This case was initially filed by Mr. Alexander pro se under 42 U.S.C. § 1983 against various officials and private parties on September 19, 2011 based upon a search of his home by the Lafayette Police Department, the seizure of various purportedly stolen items and his subsequent arrest and indictment. Mr. Alexander named as defendants, law enforcement officials, local media personnel and the stores from which the items were allegedly stolen, among others. Due to state criminal proceedings pending at the time, the case was stayed until the criminal proceedings were completed and Mr. Alexander was directed to provide status reports. On November 18, 2015, Mr. Alexander informed the Court that his criminal matter had been resolved and requested that the stay be lifted. The stay was lifted and Mr. Alexander filed numerous

additional pleadings. During the course of this case, Mr. Alexander has filed sixteen (16) amended complaints. On February 27, 2019, the Magistrate Judge entered a Report and Recommendation recommending the dismissal of claims against some, but not all, defendants. Mr. Alexander opposed the Report and Recommendation through his counsel of record. After reviewing the record, including the objection, the Court adopted the Report and Recommendation and entered Partial Judgment dismissing certain claims. Plaintiff filed an appeal, which was dismissed by the Fifth Circuit Court of Appeals on July 15, 2019 on the basis that the Partial Judgment was not a final judgment. Mr. Alexander now seeks to file an additional amended complaint and requests that the Court reconsider the Partial Judgment pursuant to the amended complaint, or in the alternative, that the Court certify the Partial Judgment for immediate interlocutory appeal pursuant to 28 U.S.C. 1292(b).

## II.
### LAW AND ANALYSIS

**A. Request for Reconsideration.**

Rule 60(b)(1) of the Federal Rules of Civil Procedure permits a court to reconsider a judgment for "mistake, inadvertence, surprise, or excusable neglect." The Court has reviewed the arguments raised and finds no basis for reconsideration. Plaintiff raised these same issues in the Objection to the Report and Recommendation and the Court considered those arguments at the time the Partial Judgment was entered. No new arguments have been asserted which would cause the Court to conclude that the prior ruling was incorrect. As such, the request for reconsideration will be denied.

**B. Request for Certification.**

28 U.S.C. §1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Courts may, therefore, certify an interlocutory order as appealable if three conditions are met, namely: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion concerning the legal question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. The decision to permit an appeal under 1292(b) is firmly within the district court's discretion. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n. 9, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). Review under § 1292(b) is not a mechanism to question the correctness of a district court's ruling or to obtain a second, more favorable opinion. *McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir.2004). The issue for appeal must involve a question of law—not fact. *Clark–Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67 at 69 (holding that "fact-review" issues are inappropriate for § 1292 review). Further, a "question of law" does not mean the application of settled law to disputed facts. *McFarlin*, 381 F.3d at 1258 (citing *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674 at 676).

In the instant case, the issues raised by Plaintiff are strictly issues involving the application of settled law to disputed facts and therefore do not qualify for review under 1292(b). The issues in the current case involve whether Plaintiff has sufficiently pled claims against various defendants and it simply does not involve controlling questions of law as to which there is substantial ground for difference of opinion. Accordingly, the Court declines to amend its prior ruling to include the requested certification language

under 28 U.S.C. §1292(b). Accordingly, the Plaintiff's Ex Parte Motion for Reconsideration; Alternatively, Motion for Certification of Judgment for Immediate Interlocutory Appeal [doc. 130] is DENIED.

THUS DONE in Chambers on this 30th day of October, 2019.

Robert. R. Summerhays
United Stated District Judge