# OUNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ALBERT K ALEXANDER** | **CASE NO. 6:11-CV-01749 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **CITY POLICE OF LAFAYETTE ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the court is a Motion to Amend the civil rights complaint, filed pursuant to 42 U.S.C. §1983, of Albert K. Alexander. Rec. Doc. 129. For the following reasons, the Motion is DENIED.

### *Background*

Plaintiff, Albert K. Alexander ("Alexander"), filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 19, 2011. Rec. Doc. 1. After an administrative stay was lifted on January 14, 2017, plaintiff was ordered to file one amended complaint, setting forth all claims for which he believes entitle him to relief and naming all defendants against whom these claims are brought. Rec Doc. 102. Plaintiff did so on June 21, 2018. Rec. Doc. 104. On August 16, 2018, the undersigned ordered Plaintiff to amend to provide additional information regarding his claims against certain defendants (rec. doc. 107); plaintiff did so on September 19, 2018. (rec. doc. 109).

On February 26, 2019, Mr. Betzer enrolled as counsel for plaintiff.  Rec. Doc. 112.  On February 27, 2019, the undersigned recommended dismissal of claims against Darla Montgomery, Mike Barah, Home Depot, Fred's Discount Store, Clayton Mobile Homes, Van Allen Homes, Kanisha Youngblood, Brooke Frey, Pamela Denman, Sharon Sergi, Leon Vedrienn, Carol Mitchell, Travis Knight, Terry Penner, Jason Domingue, Chrissy Meche, Lowes Loss Prevention Team, John Does, Home Depot Loss Prevention Office, Sandy Mixon, Young Broadcasting, Sam's Wholesale Club, Haskin Smith, Coburns of Lafayette South, Lowes Home Improvement, Lafayette Parish District Attorney's Office, Lafayette Police Department, A-Z Insurance Co., Officer John Does, Wal-Mart Store #2938 (Lafayette) and Wal-Mart Store #543 (Opelousas), as frivolous and for failing to state a claim for which relief may be granted, and against Michael Harson and Alan Haney, as he sought monetary relief against defendants who are immune from such relief.  Rec. Doc. 114.  On May 29, 2019, Judge Robert R. Summerhays adopted the Report and Recommendation, after considering plaintiff's newly enrolled counsel's objections to same.  Rec. Doc. 123.

On August 28, 2019, plaintiff, through counsel, filed a Motion for Reconsideration of the Judgment, Alternatively, Motion to Certify Judgment for Immediate Interlocutory Appeal (rec. doc. 130), which was denied by Judge Summerhays on October 30, 2019 (rec. doc. 133).

Through the instant Motion to Amend Complaint, filed on August 27, 2019, plaintiff seeks to have the dismissed defendants reinstated. According to the Memorandum in Support of Motion to Amend, "[t]he complaint pleads no new facts, but merely organizes and expounds on the claims arising from the facts that were pled and introduced into the record by the plaintiff." Rec. Doc. 129-1, p. 4.

## *Law and Analysis*

Plaintiff seeks leave to amend his suit pursuant to Federal Rule of Civil Procedure 15(A), pursuant to which leave to amend must be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "[a] district court may deny a proposed amendment for futility—meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.,* 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)). To determine futility, the Court must apply the "same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 874.

"The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotations omitted) (quoting *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997)); *Beanal v. Freeport-McMoran,* Inc., 197 F.3d

3

161, 164 (5th Cir. 1999). The court "may not dismiss a complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (quoting *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Beanal*, 197 F.3d at 164.)

In the present matter, this Court has previously determined that plaintiff has no cause of action against the dismissed defendants. *See* Rec. Docs. 114, 123, 133. On more than one occasion, the Court has held that plaintiff cannot state a claim against Darla Montgomery, Mike Barah, Home Depot, Fred's Discount Store, Clayton Mobile Homes, Van Allen Homes, Kanisha Youngblood, Brooke Frey, Pamela Denman, Sharon Sergi, Leon Vedrienn, Carol Mitchell, Travis Knight, Terry Penner, Jason Domingue, Chrissy Meche, Lowes Loss Prevention Team, John Does, Home Depot Loss Prevention Office, Sandy Mixon, Young Broadcasting, Sam's Wholesale Club, Haskin Smith, Coburns of Lafayette South, Lowes Home Improvement, Lafayette Parish District Attorney's Office, Lafayette Police Department, A-Z Insurance Co., Officer John Does, Wal-Mart Store #2938 (Lafayette) and Wal-Mart Store #543 (Opelousas), Michael Harson or Alan Haney.

Accordingly, viewed in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, for the reasons previously set forth by this Court,

plaintiff can prove no set of facts which would entitle him to relief against these defendants.

Accordingly,

**IT IS ORDERED THAT** the Motion to Amend [Rec. Doc. 129] is **DENIED**.

THUS DONE in Chambers on this 14th day of November, 2019.

**Carol B. Whitehurst**
**United States Magistrate Judge**